CYNTHIA G. LAWRENCE (SBN 148927)
TAHMINA YASSINE-MORROW (SBN 285542)
SIMS, LAWRENCE & ARRUTI
2261 Lava Ridge Court
Roseville, CA 95661
Telephone: (916) 797-8881
Facsimile: (916) 253-1544
Email: clawrence@sims-law.net
       tahmina@sims-law.net

Attorney for Defendants
CALIFORNIA FAMILY LIFE CENTER;
LORI REYNOLDS, LILLIAN GARCIA;
BIANCA BLACK

## UNITED STATES DISTRICT COURT

### EASTERN DIVISION – CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER GERRIE, individually and as MAKAYLA MASSEY'S Successor In Interest,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, TRELEISHA FINCH, CHRISTA BANTON, MICHAEL MASSEY and Does 1 to xx, Inclusive,<br><br>    Defendants.<br><br>AND RELATED COUNTER-ACTION | Case No. 5:19-cv-01435 – JGB (SPx)<br>Hon. Jesus G. Bernal<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[FRCP, Rule 26(c)]**<br><br>Complaint Filed: August 2, 2019<br>Second Amended Complaint Filed: February 18, 2020<br>Trial Date: August 3, 2021 |

**<u>STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY</u>**

### I. GENERAL

A. PURPOSES AND LIMITATIONS

Discovery in this ACTION is likely to involve production of confidential, proprietary, or private information and/or juvenile case files for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the

following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file CONFIDENTIAL INFORMATION under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a PARTY seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

Whereas, in the interests of facilitating discovery by the parties litigating this ACTION and of protecting the parties' and non-parties' CONFIDENTIAL INFORMATION from improper disclosure or use, Plaintiff Jennifer Gerrie and Defendants County of San Bernardino, Treleisha Finch, Christa Banton, Michael Massey, California Family Life Center, Bianca Black, Lori Reynolds and Lillian Garcia, (collectively, "PARTIES") have agreed to provide access to relevant CONFIDENTIAL INFORMATION subject to the provisions set forth below.

Whereas, many of the MATERIALS being sought through discovery in the above-captioned action are normally kept confidential by the PARTIES. The MATERIALS that may be exchanged throughout the course of the litigation between the PARTIES may contain sensitive, personal information, including information about children, that is normally deemed confidential, or may be confidential personnel documents of a municipal or governmental agency. The PARTIES have agreed to be bound by the terms of this Protective Order ("Order") in this ACTION to facilitate the document production and disclosure of relevant information, and protect the respective interests of the parties in highly sensitive and personal information. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

Whereas, this Order authorizes the parties, through their attorneys, employees, or agents, to disclose and produce to COUNSEL for all parties to this ACTION, including claims adjusters and managers, records, which may include, Juvenile Court records, medical records, mental health records, law enforcement records, investigation records, and other confidential or sensitive records, files, and information from the Child & Family Services, County of San Bernardino, and other governmental and nongovernmental entities pertaining to Makayla Massey, her minor brother M.M., and/or the minors located at the California Family Life Center ("CFLC") that may be produced during discovery during this matter will be subject to this Order and the applicable Federal Rules and federal case law. Law enforcement records, including juvenile crime investigations and reports, police personnel records, employment records, and/or an individual's training transcripts and records are subject to this Order. Defendants' and/or Social worker records, including personnel records, employment records, and/or an individual's training transcripts and records are subject to this Order.

The PARTIES agree that certain documents that may be requested for disclosure through discovery need an order from the court prior to production, such as Juvenile Court records. The Ninth Circuit has specifically recognized that in a civil rights action, the district court has jurisdiction to order disclosure of a juvenile court file notwithstanding state law. *Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003). Although federal courts have found that Welfare & Institutions Code section 827 is not binding in federal lawsuits, federal courts should still weigh the needs of the case versus the State interest in and policy considerations of keeping the contents of the juvenile case file confidential when determining whether records should be disclosed in the federal action. *Estate of Maldonado v. Sec'y of the Cal. Dep't of Corr. & Rehab.*, No. 2:06CV02696-MCE/GGH, 2007 U.S. Dist. LEXIS 91084, at 13-17 (E.D. Cal. Nov. 30, 2007); *Van Horn v Hornbeak*, No. 1:08CV1622 LJO DLB, 2010 U.S. Dist. LEXIS 147669, at 10-13 (E.D. Cal. Mar. 17, 2010); *Doe

*No. 59 v. Santa Rose City Sch.*, No. 3:16-CV-012560WHO, 2017 U.S. Dist. LEXIS 29126, at 3-5 (N.D. Cal. Mar. 1, 2017).

Plaintiff and Defendants believe that the juvenile records and files as to Makayla Massey are highly relevant to the instant action, and there is a legitimate need for them for both Plaintiff and Defendants in presenting their case to this court. Further, Makayla Massey's Juvenile Case File cannot be reasonably obtained from any source other than the County of San Bernardino and the Juvenile Court.

Upon good cause having been shown, the Court ORDERS, pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), as follows:

## II. DEFINITIONS

1. The following Definitions shall apply in this Order:

(a) **ACTION**: *Jennifer Gerrie v. County of San Bernardino et al.*, CASE NO. 5:19-cv-01435 JGB (SPx)

(b) The term "**CONFIDENTIAL INFORMATION**" will mean and include any and all documents of any nature whatsoever which contain or disclose confidential or highly sensitive information, including specific identifying information of minors, that are marked as Confidential by any PARTY to which the document belongs, or is otherwise designated as Confidential, as set forth herein. The term "Confidential Documents" will mean and include any and all documents of any nature whatsoever which contain or disclose confidential personnel and/or an individual's training information maintained by a governmental or municipal agency.

(c) The term "**MATERIALS**" will include, but is not being limited to: documents, JUVENILE CASE FILES, case files, portions of documents, correspondence, memoranda, email, reports, case notes, summaries, letters, worksheets, recordings, photographs, motion pictures, notes of discussions with third parties, other notes, instructions, other writings, records of juvenile court proceedings (including but not limited to pleadings, testimony, recordings or

transcripts thereof), electronically stored data and records, and data, summaries, and compilations derived therefrom regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

(d) The term "**COUNSEL**" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms: The Law Offices of Shawn A. McMillan, APC, Veatch Carlson, The Law Offices of Jack H. Anthony, Law Offices of Vincent W. Davis & Associates, and Sims, Lawrence & Arruti.

(e) **EXPERT**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a PARTY or its COUNSEL to serve as an expert witness or as a consultant in this ACTION.

(g) **PARTY**: Any party to this Action, including all of its officers, directors employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

(h) **PROFESSIONAL VENDORS**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(i) **JUVENILE CASE FILE**: (1) All documents filed in a juvenile court case; (2) Reports to the court by probation officers, social workers of child welfare services programs, and CASA volunteers; (3) documents made available to probation officers, social workers of child welfare services programs, and CASA volunteers in preparation of reports to the court; (4) documents relating to a child concerning whom a petition has been filed in juvenile court that are maintained in the office files of probation officers, social workers of child welfare services programs, and CASA volunteers; (5) Transcripts, records, or reports relating to

matters prepared or released by the court, probation department, or child welfare services program; and (6) documents, video or audio tapes, photographs, and exhibits admitted into evidence at juvenile court hearings. (Cal. R. Of Court, Rule 5.552(a).)

### III. SCOPE

The protections conferred by this Stipulation and Order cover not only protected MATERIAL (as defined above), but also (1) any information copied or extracted from Protected MATERIAL; (2) all copies, excerpts, summaries, or compilations of Protected MATERIAL; and (3) any testimony, conversations, or presentations by PARTIES or their COUNSEL that might reveal Protected MATERIAL.

Any use of Protected MATERIAL at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

### IV. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating PARTY agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this ACTION, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this ACTION, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### V. DESIGNATION OF CONFIDENTIAL INFORMATION

1. Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate

for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating PARTY to sanctions.

If it comes to a Designating PARTY'S attention that information or items that it designated for protection do not qualify for protection, that Designating PARTY must promptly notify all other PARTIES that it is withdrawing the inapplicable Confidential designation.

2. Manner and Timing of Designations.

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, a "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") designation, to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing PARTY also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and

before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for information produced in some form other than documentary and for any other tangible items, that the Producing PARTY affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing PARTY, to the extent practicable, shall identify the protected portion(s).

3. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating PARTY'S right to secure protection under this Order for such material Upon timely correction of a designation, the Receiving PARTY must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4. The disclosed documents shall be used solely in connection with the civil case of *Gerrie v. County of San Bernardino*, et.al., case number 5:19-cv-01435 – JGB (SPx), and in the preparation and trial of the case, or any appeal proceedings.

5. Any PARTY may designate Material as "CONFIDENTIAL" only if, in the good faith belief of such PARTY and its COUNSEL, unrestricted disclosure of such information could be harmful to such PARTY or a third PARTY or is prohibited by law or regulation. Any MATERIALS not expressly marked "CONFIDENTIAL" or

otherwise designated as CONFIDENTIAL by a PARTY pursuant to this order shall be presumed to not be subject to this protective order.

6. All Material designated as "CONFIDENTIAL" must not be disclosed by the receiving PARTY to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

7. Before any MATERIALS which are designated as CONFIDENTIAL INFORMATION are filed with the Court for any purpose, other than at trial, the PARTY seeking to file such material must seek permission of the Court to file the material under seal. Nothing in this order shall be construed as automatically permitting a PARTY to file under seal. The PARTY seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. For Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).

8. MATERIALS designated "CONFIDENTIAL" shall be used solely for the prosecution or defense of this ACTION.

## VI. PROCEDURE FOR CHALLENGE OF DESIGNATION OF CONFIDENTIAL INFORMATION

1. Timing of Challenges. Any PARTY or Non-Party may challenge a designation of CONFIDENTIALITY at any time that is consistent with the Court's Scheduling Order.

2. Meet and Confer. The Challenging PARTY shall initiate the dispute resolution process under Local Rule 37.1 et seq.

3. The burden of persuasion in any such challenge proceeding shall be on the Designating PARTY. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other

parties) may expose the Challenging PARTY to sanctions. Unless the Designating PARTY has waived or withdrawn the CONFIDENTIALITY designation, all PARTIES shall continue to afford the material in question the level of protection to which it is entitled under the Producing PARTY'S designation until the Court rules on the challenge.

**VII. SCOPE OF DISCLOSURE OF CONFIDENTIAL INFORMATION**

1. Information designated "CONFIDENTIAL" may be viewed only by individuals listed below:

(a) COUNSEL (as defined in paragraph C, above) of the receiving PARTY;

(b) Independent EXPERTS and stenographic and clerical employees associated with such EXPERTS. Prior to receiving any CONFIDENTIAL INFORMATION of the producing PARTY, the EXPERT must execute an agreement to be bound by the terms of this Protective Order. COUNSEL for the receiving PARTY must retain executed copies of such agreements;

(c) The Court and any Court staff and administrative personnel;

(d) Any court reporter or videographer employed in this litigation and acting in that capacity; and

(e) Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this ACTION.

(f) PARTIES and/or PARTY principals or executives who are required to participate in policy decisions with reference to this ACTION;

(g) Technical personnel of the PARTIES with whom COUNSEL for the PARTIES find it necessary to consult, in the discretion of such COUNSEL, in preparation for trial of this ACTION;

(h) Stenographic and clerical employees associated with the individuals identified above; and

(i) The named Plaintiffs and Defendants in this action;

(j) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the PARTIES engaged in settlement discussions; and

(k) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

For oral testimony provided during a deposition, regarding confidential personnel matters, employment records, medical records must be identified on the record as Confidential, before the close of the deposition. The Designating PARTY shall also have the ability to make additional designations within fourteen (14) days after the transcript of the deposition is prepared by the court reporter in order to identify any additional CONFIDENTIAL deposition testimony that may have been missed.

If such testimony is designated confidential, only that portion of the deposition will be separately bound and labeled as "CONFIDENTIAL." When there is oral testimony identifying a minor, the Court Reporter will be notified to remove any minor's name and replace it with initials in the transcript.

2. Nothing in this Order will bar COUNSEL from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Material designated as "CONFIDENTIAL."

3. Notwithstanding the provisions of this Order, CONFIDENTIAL INFORMATION produced pursuant to this Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

4. MATERIALS designated CONFIDENTIAL pursuant to this Order also may be disclosed if:

(a) the PARTY or non-party making the designation consents to such disclosure;

[PROPOSED] PROTECTIVE ORDER

(b) the Court, after notice to all affected persons, allows such disclosure; or

(c) the PARTY to whom MATERIALS designated "CONFIDENTIAL" has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the PARTY which made the designation, and permits COUNSEL for that PARTY sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

16. Nothing in this Order shall (a) restrict either PARTY'S rights with respect to its/his/her own documents or information, (b) restrict either party's right with regard to MATERIALS that have not been designated as CONFIDENTIAL, (c) prejudice either party's rights to object to the production of documents or other information that it considers not subject to discovery, or (d) prejudice either PARTY'S right to seek, either by agreement or by application to the Court, greater or lesser protection than that provided herein, or modification of the terms of this Order.

## VIII. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" if the Non-Party has executed Exhibit A. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a PARTY is required, by a valid discovery request, to produce a Non-Party's CONFIDENTIAL INFORMATION in its possession, and the PARTY is subject to an agreement with the Non-Party not to produce the Non-Party's CONFIDENTIAL INFORMATION, then the PARTY shall:

(1) promptly notify in writing the Requesting PARTY and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this ACTION, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving PARTY may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected MATERIAL.

## IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving PARTY learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving PARTY must immediately (a) notify in writing the Designating PARTY of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

/ / /

/ / /

# X. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing PARTY gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving PARTIES are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

# XI. MISCELLANEOUS

1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no PARTY waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3. Filing Protected Material. A PARTY that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a PARTY'S request to file Protected MATERIAL under seal is denied by the court, then the Receiving PARTY may file the information in the public record unless otherwise instructed by the court.

/ / /

/ / /

## XII. TERMINATION AND MODIFICATION

1. Within sixty (60) days of the final termination of this ACTION, including any and all appeals, COUNSEL for each receiving PARTY must purge all CONFIDENTIAL MATERIAL from all machine-readable media on which it resides and must either (a) return all CONFIDENTIAL MATERIAL to the PARTY that produced the MATERIAL, including any copies, excerpts, and summaries of that information, or (b) destroy same. With respect to paper copies, return or destruction of CONFIDENTIAL MATERIAL is at the option of the producing PARTY. COUNSEL must confirm in writing to all parties that the CONFIDENTIAL MATERIAL has been purged or destroyed.

Notwithstanding the foregoing, COUNSEL for each PARTY may retain all unsealed pleadings, briefs, memoranda, motions, trial, deposition, and hearing transcripts legal memoranda, correspondence, deposition and trial exhibits, expert reports, and consultant and expert work product and other unsealed documents filed with the Court that refer to or incorporate CONFIDENTIAL MATERIAL, and will continue to be bound by this Order with respect to all such retained MATERIAL, after the conclusion of this litigation. Further, Plaintiffs may retain any CONFIDENTIAL MATERIAL, such as their client's juvenile records and/or medical records that he or she would otherwise be legally entitled to retain. Finally, attorney work product that contains CONFIDENTIAL MATERIAL need not be destroyed, but, if it is not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained MATERIAL, after the conclusion of this litigation.

2. The restrictions and obligations set forth within this Order will not apply to any information and/or Material that: (a) the parties agree should not be designated CONFIDENTIAL; (b) is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order.

3. Transmission by e-mail address as set forth below the signature lines is acceptable for all notification purposes within this Order.

4. This Order may be modified by agreement of the parties, subject to approval by the Court.

5. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

6. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents that may have become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of MATERIALS designated as "CONFIDENTIAL" for enforcement of the provisions of this Order following termination of this litigation.

7. Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

Dated: October 15, 2020　　　LAW OFFICES OF SHAWN A. MCMILLAN, APC

/s/ *Stephen D. Daner – signed with permission*
Shawn A. McMillan, Esq.
Stephen D. Daner, Esq.
Adrian M. Paris, Esq.
Attorneys for Plaintiff

Dated: October 15, 2020　　　VEATCH CARLSON

/s/ *Mark M. Rudy - signed with permission*
Mark A. Weinstein, Esq.
Mark M. Rudy, Esq.
Attorneys for Defendant/Counter-Defendants,
COUNTY OF SAN BERNARDINO,
TRELEISHA FINCH and CHRISTA BANTON

| | | |
|---|---|---|
| Dated: October 15, 2020 | | THE LAW OFFICES OF JACK H. ANTHONY |

/s/ *Jack Anthony - signed with permission*
Jack Anthony, Esq.
Attorneys for Plaintiff

Dated: October 15, 2020          LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES

/s/ *Edna V. Wenning - signed with permission*
Vincent W. Davis, Esq.
Edna V. Wenning, Esq.
Attorneys for Defendant/Cross-Complainant,
MICHAEL MASSEY

Dated: October 15, 2020          SIMS, LAWRENCE & ARRUTI

/s/ Cynthia G. Lawrence
Cynthia G. Lawrence, Esq.
Tahmina Yassine-Morrow Esq.
Attorneys for CALIFORNIA FAMILY LIFE CENTER ("CFLC"), LORI REYNOLDS, LILLIAN GARCIA, BIANCA BLACK

# ORDER

The terms as set forth above in the Protective Order Regarding Confidentiality are so ordered.

Dated: October 22, 2020

_____
Hon. Sheri Pym
United States Magistrate Judge

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Jennifer Gerrie v. County of San Bernardino et al.*, CASE NO. 5:19-cv-01435 JGB (SPx)I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature:_____